GEORGE A. JOSLIN *vs.* ELBRIDGE A. RHODES.

ELBRIDGE A. RHODES *vs.* GEORGE A. JOSLIN.

FEBRUARY 15, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Evidence. Prejudicial Error. New Trial.*

Although a book had been improperly admitted in evidence, nevertheless, as it had been used by counsel for both sides in their examination of the witness who had kept it, and its contents was before the jury, in such circumstances its admission did not constitute prejudicial error.

*(2) New Trial.*

While it is for the trial court to exercise his independent judgment in passing upon questions involved in a motion for new trial, leaving it to the appellate court to apply the rule as to the force to be given successive concurring verdicts; the court will construe the decision of the lower court in passing on motion for new trial, that such court, considering the case has been tried twice and the jury has twice returned verdicts substantially the same, feels that the jury were justified in returning the verdict which they did; as an approval of the verdict.

ASSUMPSIT. Heard on exceptions of administratrix of Joslin in both cases and exceptions overruled.

SWEETLAND, C. J. The first of the above entitled causes is an action of the case in assumpsit to recover upon the plaintiff's claim of compensation for work and labor alleged to have been performed for the defendant in sawing logs for lumber at an agreed price upon land belonging to the defendant. The second of the above entitled cases is an action of the case in assumpsit to recover damages for the breach of an alleged agreement between the parties relating to the sawing of logs by the defendant upon land of the plaintiff. Since the commencement of these actions the party Elbridge A. Rhodes has died and in each case Cora E. Rhodes, administratrix of Elbridge A. Rhodes, has entered her appearance to prosecute and defend these suits respectively. She will be referred to as "the administratrix".

The cases have each been tried twice in the Superior Court. At the first trial before a justice of that court sitting with a jury a verdict was rendered in the first case in favor of the plaintiff upon his claim for labor performed, and in the second case against the plaintiff upon his claim for damages for breach of contract. The justice denied the petition of Rhodes for a new trial in each case. Subsequently Rhodes was permitted by this court to file in the Superior Court in each case a motion for new trial upon the ground of newly discovered evidence. Upon the motion so filed the justice who presided at the jury trial granted a new trial in each case. A new trial of both cases was had before another justice of the Superior Court sitting with a jury and again a verdict was found for the plaintiff in the first case, and against the plaintiff in the second. The administratrix then filed a motion for new trial in each case on the ground that the verdict was contrary to the evidence. These motions were denied and the cases are before us upon the bills of exceptions of the administratrix.

The administratrix contends that her exception should be sustained to the ruling of the justice in the last trial admitting in evidence a book of the witness Steere, which book was marked Exhibit 1. The witness Steere was the operator of a saw mill, who sawed some lumber for Elbridge A. Rhodes. The witness testified that the book in question was one kept by him for the purpose of keeping an account of the amount of wood sawed by him in his mill and that, among other items contained in the book, there was noted the amount of lumber sawed by the witness from a certain wood lot owned by Mr. Rhodes. The witness by the record appears to have been permitted to use the book as a memorandum for the purpose of refreshing his recollection. Later the book was admitted in evidence over the objection of the administratrix. Although the witness was properly allowed to use the book as a memorandum to refresh his memory it was improperly admitted in evidence. We know of no principle of evidence which would warrant its admis-

(2) sion. The book, however, had been used by counsel for both parties in their examination of Mr. Steere, and the contents of the book, so far as it related to the work for Mr. Rhodes, was before the jury. Although the book was erroneously admitted in evidence, in the circumstances we do not regard that error so prejudicial as to warrant a reversal on that ground.

The administratrix presses her exception to the decision denying the motion for new trial in each case. Upon the material issues presented the evidence is contradictory. At the second trial the newly discovered evidence was presented. There is force in the contention of counsel for the administratrix that it appears in the written decision of the justice that he failed to exercise his independent judgment as to the credibility of the witness and the weight of the evidence, and denied the motion for new trial solely upon the ground of the concurring verdicts.

The justice in his decision, after stating the travel of the cases and the simplicity of the issues, concludes by saying, "The court, considering the cases have been tried twice and the jury have twice returned verdicts substantially the same, feels that the jury were justified in returning the verdicts that they did, and therefore the motion for a new trial in each case is denied." This portion of the decision is far from satisfactory. The justice has not made it clear in the language which he employed that in denying the motion he is exercising his independent judgment in accordance with his duty under the statute, as frequently construed by this court. In view of the well established principle, however, we will not assume that the justice failed to grant new trials although he was of the opinion that the verdicts did not do justice between the parties. We think that fairly we should treat the decision as the expression of the independent conclusion of the justice that the findings of the jury were justified. We have said that when after a careful review of the evidence by a justice, who has presided at a jury trial, his mind is left in doubt as to the verdict

which justly should have been rendered, he may well refuse to disturb the conclusion of that body which has been designated by the constitution as the ultimate triers of fact at *nisi prius*. When, however, his consideration of the credibility of the witnesses and the weight of the evidence leads him to the conclusion that the verdict is unjust, then his duty under the statute is plain. He should set the verdict aside. In *Spiegel* v. *Grande*, 45 R. I. 437, and in *Carr* v. *American Locomotive Co.*, 31 R. I. 234, it has been held that it is for this court rather than the Superior Court to apply the rule as to the force to be given successive concurring verdicts. We have thoroughly examined the transscript of the evidence and are of the opinion that if the justice has approved the verdicts as justly rendered, and we construe his decision to mean that, we should not disturb his decision. We would emphasize the rule, however, that it is the duty of a justice of the Superior Court to exercise his independent judgment in passing upon questions involved in a motion for new trial, and that having reached his conclusion, then, for the benefit of the parties and of this court in appellate proceedings following the decision, he should state that conclusion so clearly that no question can be raised as to whether the decision expresses his independent judgment or amounts to a blind following of the finding of the jury.

In each case the exception of the administratrix is overruled and each case is remitted to the Superior Court for the entry of judgment on the verdict.

*Cooney & Cooney*, for Joslin.

*James H. Rickard*, for Rhodes.